IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Njinking Elvis Nchabaun,<br>　　　　　　Petitioner,<br><br>　　v.<br><br>Todd Blanche, et. al.,<br>　　　　　　Respondents. | Civil No. 26-826 |

| | |
|---|---|
| Njinking Elvis,<br>　　　　　　Petitioner,<br><br>　　v.<br><br>Todd Blanche, et. al.,<br>　　　　　　Respondents. | Civil No. 26-908 |

**MEMORANDUM OPINION**

Pending before the court are substantially identical petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Njinking Elvis Nchabaun ("Nchabaun" or "Petitioner") at Civil Action Nos. 26-826 and 26-908. The Petition at Civil Action No. 26-908 was filed under a different name, Njinking Elvis, and was originally assigned to a different judge. The case was reassigned to this member of the court on June 12, 2026. The government filed responses in opposition to the petitions (Civil No. 26-826, ECF No. 17; Civil No. 26-908, ECF No. 6). The petitions will be decided together.

Procedural History

There has been substantial procedural history. The government reports that on December 26, 2024, Petitioner was ordered removed to Cameroon (ECF No. 17-2). On June 25, 2025, an

#

immigration judge found Petitioner's fear of persecution to be credible (ECF No. 17-4).  On appeal, however, the Board of Immigration Appeals, in a precedential decision in March 2026, held that the immigration judge clearly erred in the favorable credibility determination and remanded the matter for further proceedings (ECF Nos. 17-5, 17-8).  Petitioner filed an affidavit and a reply (ECF Nos. 18, 19).[1]  Upon review of the filings, the court ordered the parties to file a position statement with respect to the outcome of the hearing, which was scheduled for May 29, 2026 (ECF No. 20).

The government filed a Notice (ECF No. 22 and attachments) reporting that the hearing in Nchabaun's removal proceedings took place on June 4, 2026.  Nchabaun's application for asylum was denied, withholding of removal under the Immigration and Nationality Act (INA) § 241(b)(3) was denied and his Convention Against Torture claim was denied.  He was ordered removed to Cameroon.

Petitioner filed a supplemental brief (ECF No. 23).  Petitioner reported that the immigration judge went forward with the June 4, 2026 hearing even though Petitioner's counsel was unavailable, and did not give Petitioner an opportunity to present his case.  Petitioner represented that he would appeal the June 4, 2026 decision to the Board of Immigration Appeals and, if necessary, to the Third Circuit Court of Appeals (ECF No. 23 at 2).  Petitioner seeks

---

[1] Petitioner's complaints about the conditions of his detention(e.g., food, medical and mental health care, overcrowding, etc.) are not cognizable on a habeas petition; instead, Petitioner must file an appropriate complaint under § 1983. *See Adjanohoun v. US ICE*, No. CV 26-833, 2026 WL 1660364, at *2 (W.D. Pa. June 9, 2026) ("A habeas petition can be used only to challenge the legality or the duration of detention; the proper means for seeking relief for a claim challenging the conditions of confinement is a civil rights action under § 1983, after any available administrative remedies have been exhausted.") (citing *Hill v. McDonough*, 547 U.S. 573, 579 (2006); *Eiland v. Warden Fort Dix FCI*, 634 F. App'x 87, 89 (3d Cir. 2015) (affirming dismissal of § 2241 petition without prejudice to right to file a proper civil rights action).

#

immediate release while his appeals are pending.  The court ordered the government to file a supplemental response (ECF No. 24).

The government filed its supplemental response (ECF No. 26).  The government adheres to its arguments for dismissal of the pending petitions. The government contends that Petitioner's allegations about due process violations occurring during the June 4, 2026 hearing are not cognizable by this court at this time because: (1) they constitute new claims not raised in the pending petitions; and (2) Petitioner did not provide the necessary information (such as a transcript or audio recording of the hearing) for this court to determine whether or not the hearing was fundamentally fair.

The pending petitions are ripe for decision.

Discussion

Nchabaun argues that his detention since December 26, 2024, is unduly prolonged in violation of his due process rights.  The government argues that Nchabaun is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii), because he was originally placed in expedited removal proceedings and transferred to full proceedings after establishing a credible fear, citing *Matter of M-S-*, 27 I & N. Dec. 509, 515-17 (BIA 2019) (concluding that such aliens remain ineligible for bond).

The INA provides, in relevant part:

> If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien **shall be detained** for further consideration of the application for asylum.

8 U.S.C. § 1225(b)(1)(B)(ii) (emphasis added).

In *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the Supreme Court rejected the argument that there was an implicit six-month limit on detention and commented:  "§§ 1225(b)(1) and

#

(b)(2) do not use the word 'may.' Instead, they unequivocally mandate that aliens falling within their scope 'shall' be detained." *Id.* at 300. The Court reasoned that the existence of certain exceptions to detention, at the discretion of the Attorney General, implied that no other exceptions exist. *Id.*

Because Nchabaun initially established a credible fear, was transferred from expedited removal to full removal, and was being held pursuant to § 1225(b)(1)(B)(ii), his continued detention was lawful, at least until the time of the reversal of the credible fear determination. *See Jennings*, 583 U.S. at 300; *Contreras v. Oddo*, No. 3:25-CV-162, 2025 WL 2104428, at *5 (W.D. Pa. July 28, 2025) (denying preliminary injunction motion filed by Petitioner who passed his credible fear interview and was transferred from expedited removal proceedings to full removal proceedings). Even if all the detention time to date was considered, the court concludes there was no constitutional violation. *See German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020) (identifying factors to consider whether continued detention without a bond hearing is unreasonable: (1) duration of the detention; (2) whether the detention is likely to continue; (3) the reasons for the delay, but not holding an alien's good-faith challenge to his removal against him; and (4) whether the alien's conditions of confinement are meaningfully different from criminal punishment). The court makes no findings with respect to the lawfulness of the June 4, 2026 removal order (ECF No. 22-2), which was not part of the pending petitions.

\#

Conclusion

For the reasons set forth above, the petitions filed by Njinking Elvis Nchabaun (Civil No. 26-826, ECF No. 1; and Civil No. 26-908, ECF No. 1) will be dismissed. The dismissals are without prejudice to Petitioner's rights to: (1) seek discretionary release from the Attorney General; (2) file an appropriate civil rights action about the conditions of his confinement; and (3) file a new § 2241 habeas petition about alleged due process violations during the June 4, 2026 removal hearing.

An appropriate order will be entered.

DATED:      July 7, 2026

BY THE COURT:

 s/  Joy Flowers Conti
JOY FLOWERS CONTI
SENIOR UNITED STATES DISTRICT JUDGE

#